## STAHL v HAY et

Ohio Appeals, 6th Dist, Williams Co

No. 201. Decided February 8, 1932

Chauncey L. Newcomer, Bryan, for plaintiff in error.

P. C. Prentiss, Napoleon, Fred L. Lay, Defiance, and J. C. Puxon, Wauseon, for defendants in error.

KLINGER, J (3rd Dist) sitting for WILLIAMS, J (6th Dist).

### BY THE COURT

It would serve no useful purpose to review in detail the evidence contained in the bill of exceptions. It is sufficient to say that the three charges upon which he was prosecuted were sustained by the court of common pleas. The first charge related to his soliciting business as an attorney at law in procuring his employment to represent a defendant in a partition case. Another charge related to his consenting to be employed to collect a claim of $200.00 against his client in the partition case, and the third charge was, in substance, that he was instrumental in changing a journal entry after it had been filed and signed by the trial judge.

So far as the charge relating to his soliciting employment as an attorney is concerned, it consisted simply in suggesting to a relative of the defendant in the partition case that the defendant should be represented by an attorney in that case and that he, Stahl, would file an answer for him and represent him for $25.00. This solicitation would be a technical violation of Section 2 of Rule 28 governing the professional conduct of members of the bar found in Vol. 122 of the Ohio State Reports.

His client was an aged and feeble man and was being cared for by a brother and the brother's wife. They represented to Mr. Stahl that they should have $4.00 a week for board and care of Mr. Stahl's client and advised him that his client had agreed that this sum might be paid out of the proceeds coming to him from the partition case. Evidence was introduced fairly showing that his client had so agreed. Stahl agreed to collect that amount out of the proceeds of the partition case and to pay the same to the claimant. When the partition case ended the amount of $258.00 was due to Stahl's client, for which the attorney receipted. Out of that amount he retained

$25.00 for his fees in the partition case and sent a check for $35.00 to his client, which was cashed. This left in his hands $200.00, which came to him from the partition case. It is evident from the record that after the bill of $200.00 was filed with Mr. Stahl, his client had remained two weeks longer with the brother, the reasonable charges for which would amount to the sum of $8.00. Stahl added that amount to the bill of $200.00, making $208.00, which he divided equally, sending a check for one-half thereof to the one who had presented the bill and retaining $104.00 for his services in collecting the same. It is evident from the record that he had not rendered any services for the claimant but had merely receipted for the amount to the sheriff, after confirmation of sale in the partition case. This check of $104.00 was cashed.

The other charge made against Mr. Stahl relates to the claim that he changed a journal entry in the partition case after it had been approved by the trial judge and filed with the clerk of courts. A deputy in the sheriff's office called the attention of Mr. Stahl to the fact that the figures as contained in the original journal entry were not entirely correct as the amounts did not balance. After this information came to him, he corrected the figures in the journal entry, submitting the same to counsel on the other side, and the same was thereupon approved by all counsel in the case. He also added to the entry an order that the sum payable to Stahl's client should be paid to Charles T. Stahl, attorney. We do not regard this change in the entry as of serious consequence, for the amount would have been payable to him without the alteration being made. However, we condemn and disapprove of the practice of changing a journal entry even with the consent of all counsel interested in the case after the entry bears the approval of the trial judge, unless it be again submitted to the trial judge for his approval and we also condemn and disapprove of soliciting legal business as shown by this record, and for all this conduct Mr. Stahl was justly reprimanded by the trial court.

Mr. Stahl is serving, and has been for a number of years serving, as prosecuting attorney of Williams County. In the judgment of this court the disbarment for a period of two years is altogether too severe a punishment and not justified by the evidence. We can not approve of Mr. Stahl's conduct as disclosed by the evidence, and this is particularly true of the charge of $104.00 for claimed services in collecting $208.00 from his own client, and we think

it was wholly unnecessary to have filed an answer in the partition case, as it sought no different order or method of distribution than was sought by counsel for plaintiff in that case.

It is the opinion of this court that the finding and judgment of the court of common pleas should be modified by striking out the order of suspension, conditioned, however, upon Mr. Stahl paying to the persons who had furnished the board and home for his client the sum of $104.00 with interest from the time he received it, which he was not justified in retaining.

Upon the payment, on or before March 1st, 1932, of said sum with interest and the costs, the judgment of the court of common pleas will be modified so as to omit the order of suspension, but the plaintiff in error will be required to pay the costs of this proceeding in the court of common pleas and in this court and the order heretofore made suspending the judgment of the court of common pleas will be extended to March 1st, 1932. In the event that the costs in both courts and said sum are not paid on or before said date, the judgment rendered in the court of common pleas will be affirmed. Judgment accordingly.

LLOYD, RICHARDS and KLINGER, JJ, concur.